UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAZE D. THOMAS,

                      Plaintiff,

           -against-

APPLE, ET AL.,

                   Defendants.

24-CV-7463 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction and alleging that Defendants violated his rights. By order dated October 21, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

## BACKGROUND

Plaintiff invokes the court's federal question jurisdiction and purports to assert claims

under dozens of international, federal, and state laws and causes of action, which include various

provisions of the General Data Protection Regulation ("GDPR"), which is a law of the European

Union that protects data security and privacy; the Lanham Act; the "E-SIGN Act"; "CalOPPA";

42 U.S.C. §§ 1983, 1985, 1986; the Americans with Disabilities Act; Title VII of the Civil

Rights Act of 1964; various patent and trademark laws; breach of contract; "computer fraud"; the

Securities Act of 1933; conversion; breach of fiduciary duty; and "misdirection," among many

others. (*See, e.g.*, ECF 1, at 9, 10-11, 22, 29-30, 33-35, 70-71.) Plaintiff names approximately 18

Defendants, including Apple, Meta, Google, Twitter/X, Discord, Xoimi, Elon Musk, RocNation,

Shawn Carter, DJ Khalid, Young Thug, Jack Dorsey, Meek Mill, Mark Zuckerburg, Halle Berry,

and Swiss Beats. (*See id.* at 1, 8.)

Plaintiff, who is a resident of Queens County, New York, alleges that events giving rise

to his claims occurred on December 6, 2020, and that they took place "[g]lobally." (*Id.* at 5.) The

following allegations are taken from the 85-page complaint, which is followed by an additional

66 pages of attached documents. Plaintiff states that, while the complaint "[f]ocuses on Twitter

. . . [a]ll defendants are in violation of most of the same offenses." (*Id.* at 9.)[1]

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original unless otherwise indicated.

Plaintiff's Twitter account was "hacked." (*Id.* at 38.) He requested a "copy of [his] archive data" but Twitter "would not give it back to me [in] it's [sic] entirety, nor did they give it back to [him] [in] it's proper form." (*Id.*)

Plaintiff alleges that his "data was taken from the format and which it was in as a machine readable format and stripped of pertinent important supportive data converting it into a text file intentionally processing the file causing for the damage to it." (*Id.* at 11-12.) "[B]y converting the data into text it further stripped it of all security protecting the data leaving it vulnerable for anyone to delete, and alter the data." (*Id.* at 12.) In order to "convert" the file, it "had to be completely accessed, by someone who did not have permission to do so" and by someone who did not "have permission to convert it into text form." (*Id.*) However, Plaintiff "only agreed to delivering the file to his email, not its alteration, or any other state outside of the policy concerning requesting and rec[ei]ving his data archive and the html file that comes with it[.]" (*Id.*) Twitter "failed to provide clear and concise information about the processing of the plaintiff's personal data" and "processed" it in "a manner that caused unwarranted damage, or distress to the data and the plaintiff." (*Id.* at 13.)

Furthermore,

Twitter has not allowed the plaintiff to erase specific offending tweets which does not break Twitter rules, and which the plaintiff claims was not done by him and[/]or was not done by him intentionally and could only be done through the hacking and access of his device through the Twitter platform.

(*Id.* at 14.)

During the 2020 presidential election, Plaintiff "was heavily active in support of the Democratic Party," but current Twitter/X owner Defendant Elon Musk "has shown explicit discrimination toward those who support Biden" and Plaintiff is therefore "claiming discrimination for participating in [a] protected act." (*Id.*)

Plaintiff further alleges that his electronic devices were "cyberhacked and his musical works and intellectual properties had been taken" by cyberhackers. (*Id.* at 19.) He states,

> In the plaintiff's social media there is a scroll of over a thousand recordings in just one of his devices and on another device there is another 1500 musical recordings. Some of these recordings are prayers, some of them are scripts to movies that [Plaintiff] intended to write and create, some of them are memoirs, and some of them are just private venting of his artistic creative expression.

(*Id.*)

Plaintiff also appears to challenge various aspects of Twitter's "terms of service," (*id.* at 24), and he alleges that Twitter's web page design is "deceptive and manipulative," (*id.* at 46, 47-51).

Plaintiff further alleges that Defendant Twitter CEO Elon Musk "infringed on [Plaintiff's] common law copyright." (*Id.* at 52.) After buying Twitter, Musk "is now using several of [Plaintiff's] patent pending protocols that [Plaintiff has] created for [his] own social network after being suspended from Twitter." (*Id.*) Musk has taken some of Plaintiff's "ecosystem, methodologies, [and] business practices" and integrated them into Twitter after Plaintiff posted them on Facebook. (*See id.* at 52-54.)

Plaintiff also raises allegations about Defendant Shawn Carter, who is also known as the musician Jay-Z. Plaintiff alleges that after Plaintiff formulated "protocols and standards . . . to defeat those who were laundering money from sex trafficking and recognize those who were," Carter and other rappers "pushed for a bill that went through California that prevented rappers [from] being held accountable for the lyrics as the lyrics was to be regarded as an artistic expression." (*Id.* at 56-57.) Plaintiff has advocated against a similar bill in New York and would "like to recognize to the court" that "[t]here are rappers who are known to violate the lives of others and taunt them and their families and loved ones in their music and this is a matter not of personality, but an admissible matter of bad acts." (*Id.* at 57.) Plaintiff appears to suggest that

4

Carter used his connections with Musk and others to get Twitter to steal Plaintiff's "intellectual properties" and to funnel the profits made from them to Carter "through the means of a holding company or other disguise so that Mr. Carter too can profit off of the intellectual properties that was taken from [Plaintiff] to spite the fact of [Plaintiff's] earlier assertions." (*Id.* at 57-58.)

Among the "losses, suffering, harms" that Plaintiff alleges he experienced, he lists various awards such as the National Investors Hall of Fame, The European Inventor Award, The Royal Society of Edinburgh Medal, and The MacArthur Foundation Genius Grant, as well as other "harms" including "[h]istorial revisionism," "[h]istoral negationism," confusion, dilution, competitive disadvantage, and "[l]oss of [f]irst-[m]over [a]dvantage." (*Id.* at 77-80.)

The 63 pages of documents attached to the complaint include various screenshots, copies of Twitter's policies on "adult content"; copies of tweets by Plaintiff, Elon Musk, and others; a lengthy discussion of court cases where "a party has been awarded millions of dollars for the loss or damage of their property" (*id.* at 134); and estimates of the profits made by various industries since their inceptions, such as the automobile industry and the "cruise line and yacht industry" (*id.* at 147). Many of the attached documents appear multiple times in the submission.

In addition to the complaint Plaintiff also submitted a 263-page document which he describes as a "declaration of additional facts, claims, + evidence of ownership + creation of my prior art intellectual properties against Meta/Facebook/Bluesky/Twitter/X/Meek Mills/Shawn Carter." (ECF 5, at 1.) The document appears to consist primarily of copies of social media posts.

Plaintiff previously filed another action in this court against "Twitter Corporate Office" and "National Twitter Headquarters," among others. *See Thomas v. Twitter Corp. Off.*, No. 22-CV-5341 (KPF) (S.D.N.Y. Dec. 6, 2023). In that action, Plaintiff alleged that Twitter suspended

his account and failed to provide him with an archive of his tweets; musician Billie Eilish and her brother copied Plaintiff's music; and Elon Musk's "Model Pi Phone" infringed on a device Plaintiff allegedly invented that also uses the "pi" symbol, and that evidence of the infringement is missing from Plaintiff's Twitter archive.[2] *See* ECF 1:22-CV-5341, 71. The court understood the complaint as asserting claims for federal copyright infringement; "[w]ithholding of [i]ntellectual [p]roperty"; "[i]llegal [c]ontracts"; "[p]rofiting [o]ff of [i]nfringed [i]ntellectual [p]roperties"; "[t]ampering with [e]vidence" and "[l]aundering"; and related claims under state law. By order dated December 6, 2023, Judge Failla granted Twitter's motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief may be granted, and denied Plaintiff leave to amend his pleading.

## DISCUSSION

### A.    Rule 8 of the Federal Rules of Civil Procedure

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (*per curiam*), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements

---

[2] On October 13, 2022, at Plaintiff's request, Judge Failla dismissed Plaintiff's claims against Eilish and Universal Music Group. ECF 1:22-CV-5341, 7.

of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (1988) (citing Fed. R. Civ. P. 12(f)); *see also Shomo v. State of N.Y.*, 374 F. App'x 180, 182 (2d Cir. 2010) (unpublished opinion) (holding that where a complaint "contain[ed] a surfeit of detail . . . the district court was within bounds of discretion to strike or dismiss the complaint for noncompliance with Rule 8"); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (per curium) (affirming dismissal of *pro se* plaintiff's 88-page, legal size, single spaced complaint that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension[,] fail[ing] to comply with the requirement of Rule 8"); *Lafurno v. Walters*, No. 18-CV-1935 (JS) (ARL), 2018 WL 2766144, at *3 (E.D.N.Y. June 8, 2018) (dismissing pro se plaintiff's 61-page complaint that included a 66-page "memorandum of law" and 157-page "affidavit").

Here, Plaintiff's complaint does not comply with Rule 8 because it does not include a short and plain statement showing that Plaintiff is entitled to relief. As an initial matter,

Plaintiff's submissions – a 151-page complaint and a 263-page declaration – are unduly repetitive and confusing. The complaint sets forth various allegations about seemingly unrelated issues such as the suspension of Plaintiff's Twitter account, his inability to access an archive of materials he posted on Twitter, copyright infringement, and an alleged scheme to retaliate against him for opposing human trafficking. He includes citations to dozens of international, federal, and state statutes, many of which appear to have little relation, if any, to any claims he may be attempting to assert here. Moreover, Plaintiff sues numerous disparate defendants, including social media companies and well-known musical artists. While he alleges facts regarding some of the defendants, he alleges no facts explaining how many of the named defendants were involved in violating his rights. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint that complies with Rule 8 and the standards set forth below.

## B.    Improper Joinder

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18(a) permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (holding that "the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)" (internal quotation marks and citation omitted, alteration in original)). Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

Here, Plaintiff attempts to assert unrelated claims against numerous different defendants. For example, he sues various social media companies and their executives, various musicians, and an entertainment company about disparate events such as mistreatment of his private data and infringement of various copyrights. Many of the named defendants are not mentioned in the complaint.

The Court grants Plaintiff leave to file an amended complaint concerning only one of the incidents he details in his current complaint. Plaintiff's amended complaint must comply with Rules 18 and 20 governing joinder and parties. If Plaintiff wishes to pursue claims regarding the other incidents mentioned in the complaint, he must bring those claims by filing separate new civil actions that comply with Rules 18 and 20. In the alternative, Plaintiff may single out a defendant as the focus of any amended complaint he files, and bring separate complaints regarding other incidents or defendants.

## C.    Claim Preclusion

Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "prevents parties from raising issues that could have been raised and decided in a prior action – even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020). If a litigant files a new suit and "advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id.* (quoting *Brown*, 442 U.S. at 131). Claims are treated as the same if they "arise from the same transaction, or involve a common nucleus of operative

facts." *Cayuga Nation v. Tanner*, 6 F.4th 361, 375 (2d Cir. 2021) (quoting *Lucky Brand Dungarees*, 590 U.S. at 412 (citations and internal quotation marks omitted)).

Claim preclusion generally applies if "(1) the prior decision was a final judgment on the merits, (2) the litigants were the same parties, (3) the prior court was of competent jurisdiction, and (4) the causes of action were the same." *In re Motors Liquidation Co.*, 943 F.3d 125, 130 (2d Cir. 2019) (citation and internal quotation marks omitted).

Although the confusing nature of the complaint makes any claim preclusion analysis difficult at this stage, it appears that Plaintiff may be attempting to assert claims against Twitter relating to his account that were raised or could have been raised in *Thomas v. Twitter Corp. Off.*, No. 22-CV-5341 (KPF) (S.D.N.Y. Dec. 6, 2023). As discussed above, the Honorable Katherine Polk Failla dismissed that action for failure to state a claim, which is a judgment on the merits for claim preclusion purposes. If Plaintiff files an amended complaint, he should not assert any claims against Twitter that were previously raised and dismissed by Judge Failla in *Thomas*, No. 22-CV-5341.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid claim, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, see 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    December 2, 2024
         New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
       Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____                    ____ Civ. _____ ( ____ )

*(In the space above enter the full name(s) of the plaintiff(s).)*

        **AMENDED**
        **COMPLAINT**

       **-against-**

    Jury Trial:  ☐ Yes    ☐ No

_____

_____                            (check one)

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you*
*cannot fit the names of all of the defendants in the space provided,*
*please write "see attached" in the space above and attach an*
*additional sheet of paper with the full list of names. The names*
*listed in the above caption must be identical to those contained in*
*Part I. Addresses should not be included here.)*

**I.**     **Parties in this complaint:**

A.     List your name, address and telephone number. If you are presently in custody, include your
        identification number and the name and address of your current place of confinement. Do the same
        for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff      Name _____

              Street Address _____

              County, City _____

              State & Zip Code _____

              Telephone Number _____

B.     List all defendants. You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual. Include the address where
        each defendant may be served. Make sure that the defendant(s) listed below are identical to those
        contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                       1

Defendant No. 1     Name _____

                    Street Address _____

                    County, City _____

                    State & Zip Code _____

                    Telephone Number _____


Defendant No. 2     Name _____

                    Street Address _____

                    County, City _____

                    State & Zip Code _____

                    Telephone Number _____


Defendant No. 3     Name _____

                    Street Address _____

                    County, City _____

                    State & Zip Code _____

                    Telephone Number _____


Defendant No. 4     Name _____

                    Street Address _____

                    County, City _____

                    State & Zip Code _____

                    Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions             ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

## III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.    Facts: _____

_____

| What happened to you? |

_____

_____

_____

_____

| Who did what? |

_____

_____

_____

_____

| Was anyone else involved? |

_____

_____

_____

| Who else saw what happened? |

_____

_____

_____

## IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                           Signature of Plaintiff    _____

                           Mailing Address    _____

                                                   _____

                                                     _____

                           Telephone Number    _____

                           Fax Number *(if you have one)*    _____

<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                           Signature of Plaintiff:    _____

                           Inmate Number    _____