UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAZE D. THOMAS,

                    Plaintiff,

        -against-

META; BLUESKY; DISCORD; XIOMI;
APPLE; TIK TOK; MARK ZUCKERBURG;
JACK DORSEY,

                    Defendants.

24-CV-7463 (LTS)

SECOND ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), brings this action against

several social media companies and their executives.  On September 30, 2024, Plaintiff filed his

original complaint.  (ECF No. 1.)  By Order dated December 2, 2024, the Court dismissed the

complaint for failure to state a claim on which relief may be granted, but granted Plaintiff 30

days' leave to replead his claims in an amended complaint.[1]  (ECF No. 7.)  On February 13,

2025, Plaintiff filed an amended complaint.  (ECF No. 10.)  For the reasons set forth below, the

Court dismisses this action.


                              **BACKGROUND**

    Plaintiff brings his claims using the court's general amended complaint form, to which he

attaches additional documents.  Plaintiff names as Defendants: Meta, Bluesky, Discord, Xiomi,

Apple, Tik Tok, Mark Zuckerburg (sic), and Jack Dorsey.  Plaintiff states that the events

underlying his claims occurred "[g]lobally" and in "New York State/City" between 2019 and the

---

[1] By Order dated January 13, 2025, the Court granted Plaintiff an extension of time to file
his amended complaint.  (ECF No. 9.)

present.  (ECF No. 10 at 3.)[2]  On the amended complaint form, Plaintiff refers the Court to the

attachments and states that Defendants are "in violation of [his] Collection Plate Platform for

trade dress infringement[,] unjust enrichment, the L[anham] Act, branding dilution, unfair/unjust

competition, [and] tortious interference."  (*Id.*)  He further states that he is "not currently

bringing claims for trademark or patent infringement," but does bring claims for copyright

infringement "where applicable, against all defendants."  (*Id.*)

   The following allegations are taken from the attachments to the amended complaint.

First, Plaintiff alleges that an unspecified defendant engaged in "tortious interference with

business relations."[3]  (*Id.* at 5.)  Plaintiff has an "exclusive licensing agreement" with his

companies ZeyHaloNation LLC, ZayHalo LLC, and Thomas and Latimer Motors Corp. to "use

Plaintiff's intellectual property."  (*Id.*)  The unspecified defendant knew about this exclusive

licensing agreement, because it was "disclosed publicly" on social media, yet "intentionally

interfered with the relationship."  (*Id.*)  Plaintiff "demanded [that the defendant] cease and

desist" by "private messaging [the defendant], and [by] public[ly] posting on Meta's platforms."

(*Id.*)  Plaintiff alleges that he "lost everything that the defendants ha[ve] gained because of . . .

their implementation of the intellectual property, claims of ownership, claims of creation, use,

presumption of control, and presumption of Rights over [his] intellectual properties."  (*Id.*)

   In addition, Plaintiff alleges that Defendants have engaged in copyright infringement and

trade dress infringement of his inventions—a social network platform he calls "the collection

plate, scrolls, and ZeyHaloNation" and a system he calls the "Halo node."  (*Id.* at 7.)  He

---

[2] The Court quotes from the amended complaint verbatim.  All spelling, grammar, and punctuation appear as in the amended complaint, unless noted otherwise.

[3] Throughout the amended complaint, Plaintiff often refers to "Defendant" in the singular, without stating which of the eight defendants he is referring to.

describes the "Halo node" as a "system where companies, businesses entities could take advantage and monetize advertising on their accounts for 24 hours a day." (*Id.* at 8.)  Plaintiff asserts that he developed these inventions "after over 6 to 30 years in the communication, technology, financial, and or[]social networking platform business." (*Id.* at 7.)  He states that these inventions became publicly known after he "posted [them] on social media platforms, screenshot, and submit [them] to United States trademark [and] patent office." (*Id.*)  Plaintiff further asserts that Defendants are using "similar intellectual property, trade dress, etc. . . . without [his] authorization" and only "claimed and implemented" their "innovations" after Plaintiff posted about his inventions first. (*Id.* at 8.)

Plaintiff alleges that Meta and Facebook have infringed his "collection plate, scrolls and ZeyHaloNation" intellectual property and asserts that Bluesky is rumored to be "implementing media feeds which is also another violation of [his] intellectual properties." (*Id.*)  He asserts that Meta and Mark Zuckerberg are "claim[ing] to be the originators [and creators] of a social media / social networking platform that allows user[s] to post audio clips as postings." (*Id.* at 7.)  He also alleges that Meta is using "language translation technologies [and] methodologies which are the trade dress service" for his "platforms," and BlueSky and Meta "are now in [] talks of implementing an invitation system that include[s] calendars and schedule[s]," which also violate Plaintiff's intellectual property. (*Id.* at 7-8.)

Plaintiff further alleges that Apple, Meta, Xiomi, and Jack Dorsey have infringed on the trade dress for his "Halo node" headset invention.  Specifically, Apple, Meta, and Xiomi "have violated [his] intellectual properties in [his] headsets/ headheld communication /mobile/computer/brainwave interface devices." (*Id.* at 8.)  Apple has infringed on Plaintiff's "intellectual property of video calls with on-screen captioning which operates based on voice to

text technology and or through typing, gestures, vibrations, like language signals, and in the preferred language of the speaking user or the receiving user." (*Id.*) Xiomi is infringing on Plaintiff's "intellectual property of using electrochromatic dimming, to allow users to switch from dim, clear, and darkness to give them the ability to utilize augmented reality, mixed reality, and or virtual reality under one device." (*Id.*) Jack Dorsey is using "financial hardware" that "require[s] users/customers to use their fingerprints for digital wallets," also infringing on Plaintiff's "Halo node." (*Id.* at 7-8.)

Plaintiff maintains that "these intellectual properties belong to [him], and that [he is] the creator [and] owner of them, and that [he] did not wa[i]ve [his] rights to them." (*Id.* at 8.) "The evidence of all of these intellectual properties can be found on the latest post of [Plaintiff's] YouTube account." (*Id.*) Plaintiff maintains that "the [YouTube] videos include [his] patent applications and the content [] which was uploaded to the USPTO prior to" Defendants announcing and implementing the infringing features and products on their respective platforms. (*Id.*)

Plaintiff states that he is not asserting trademark infringement because his "trademark is still pending" and he is not asserting patent infringement because his "patents are abandoned." (*Id.* at 8-9.) However, Plaintiff does assert that he has "a copyright of [his] data archive from 2023, [which] would equate to tens of thousands of pages." (*Id.* at 9.)

Plaintiff seeks the following relief: that "[a]ll contracts attached to [his] intellectual properties made without [his] permission [be] stripped from [Defendants and] deemed unenforceable"; "all of [his] IP's removed from open source"; "all those who would like to partner or want the services [he] offer[s] . . . to be redirected to [him] for possible approval"; and an order directing "all defendants to make it publicly known that [he is] the creator, owner,

inventor of the services, products, innovation and technologies in which [Defendants] have been

recognized for and whom have added to their success by way of claiming them as their own

without [Plaintiff's] permission."  Plaintiff also seeks injunctive relief and money damages.  (*Id.*

at 4, 9.)


**DISCUSSION**

**A.    Claims Under the Copyright Act**

The Court construes the amended complaint as asserting claims for copyright

infringement.[4]  To state a claim for copyright infringement, a plaintiff must allege both

(1) ownership of a valid copyright and (2) infringement of the copyright by the defendant.

*Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) (citation omitted).  The

registration of a plaintiff's copyright with the United States Copyright Office is not required for a

work to obtain copyright protection.  *See* 17 U.S.C. § 408(a) ("[R]egistration is not a condition of

copyright protection.").  Nevertheless, registration of a copyright with the United States

Copyright Office is a precondition for bringing a copyright infringement action in federal court.

*See* 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States

work shall be instituted until preregistration or registration of the copyright claim has been made

in accordance with this title."); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 158 (2010)

(holding that copyright registration is a condition that a plaintiff "must satisfy before filing an

infringement claim and invoking the [Copyright] Act's remedial provisions"); *Newton v.*

---

[4] Although Plaintiff alleges that Defendants engaged in trademark infringement under the Lanham Act, he also affirmatively states that he is not claiming trademark infringement because his trademark is either "pending" or has been abandoned.  (*See* ECF No. 10 at 6, 8-9.)  Because Plaintiff affirmatively states that he is not bringing trademark claims, the Court does not construe the complaint as asserting such claims.

*Penguin/Berkley Publ'g USA*, No. 13-CV-1283, 2014 WL 61232, at *4 (S.D.N.Y. Jan. 6, 2014) (McMahon, J.) ("The Supreme Court [in *Reed Elsevier*] has held that [17 U.S.C. § 411] imposes a 'precondition' to filing a claim for copyright infringement.").

In the amended complaint, Plaintiff alleges that various Defendants infringed or "violated" several of his "intellectual properties," including a headset, a captioning system for video calls, and an "electrochromatic dimming" switch. Nowhere in the complaint, however, does Plaintiff allege that he has registered any of his intellectual property with the United States Copyright Office. Plaintiff instead asserts that he owns a "copyright" of a "data archive from 2023 [totaling] tens of thousands of pages," for which he has "requested and submitted for [] copyright registration." (ECF No. 10 at 9.) This assertion is insufficient to demonstrate that Plaintiff has registered with the United States Copyright Office any of the intellectual properties he alleges Defendants infringed. The Court therefore dismisses Plaintiff's claims under the Copyright Act for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.     Claims Under State Law

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted); *see also Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) (holding that once the district court has dismissed all claims over which it has original jurisdiction, "although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court.").

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.    Plaintiff's Litigation History and Denial of Further Leave to Amend**

Plaintiff has filed multiple copyright infringement cases in this district, which the court has dismissed for failure to allege ownership or registration of the relevant intellectual property. *See Thomas v. Doja Cat*, No. 24-CV-2856, ECF No. 5 (S.D.N.Y. May 29, 2024) (Swain, C.J.) (instructing Plaintiff on the registration requirement for copyright infringement claims, holding that Plaintiff failed to allege that he registered the work in question, and dismissing his claims with leave to replead); *Thomas v. Twitter Corp. Off.*, No. 22-CV-5341, ECF No. 71 (S.D.N.Y. Dec. 6, 2023) (Failla, J.) (explaining the elements of a copyright infringement claim and dismissing Plaintiff's claims for failure to allege that he owns or properly registered the works in question); *Thomas v. Carter*, No. 21-CV-8682, ECF No. 9 (S.D.N.Y. Jan. 25, 2022) (Torres, J.) (same).

In light of Plaintiff's history of litigating copyright infringement claims in this district, the Court finds that, at the time Plaintiff filed this action, he was, or should have been, aware of the elements of copyright infringement and aware that his pleadings were deficient. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (per curiam) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular pleading requirements); *Mercer v. New York City Hous. Auth.*, No. 22-CV-3202, 2022 WL 1556886, at *4 n.3 (S.D.N.Y. May 16, 2022) (Swain, C.J.) (noting that *pro se* plaintiff should have been aware of the elements

of a Fair Housing Act claim after district court previously explained the elements of such a claim in dismissing complaint and granting leave to replead); *Thomas v. City of New York*, No. 19-CV-11028, 2020 WL 1847843, at *3 (S.D.N.Y. Apr. 10, 2020) (Stanton, J.) (noting that *pro se* plaintiff should have been aware of the elements of a Section 1983 claim, based on extensive litigation history).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). The Court may also deny plaintiff leave to amend if the plaintiff has already been given an opportunity to amend, but failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

Because the Court finds that Plaintiff should have been aware of the elements of a copyright infringement claim when he filed this action, because Plaintiff has already been given an opportunity to amend his pleading, and because Plaintiff cannot cure the defects in his amended complaint with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:    August 6, 2025
          New York, New York

<u>        /s/ Laura Taylor Swain        </u>
          LAURA TAYLOR SWAIN
          Chief United States District Judge